UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

LUBRAINE TESSIE, JEAN H. SAINT-AIME, ELIUS REMY,
TOUSSAINT CHARLEMOND, VILET MESADIEU,
JUNIAS SAINT-FLEUR, and FRANCIS NICOLAS,
on their own behalf and others similarly situated,
      Plaintiffs,

v.
WP& S CONTRACTORS, LLC,
a Florida Limited Liability Company, and
WINSTON WHITE, individually,
      Defendants.
_____/

## COMPLAINT

1. Plaintiffs, LUBRAINE TESSIE, JEAN H. SAINT-AIME, ELIUS REMY, TOUSSAINT CHARLEMOND, VILET MESADIEU, JUNIAS SAINT-FLEUR, and FRANCIS NICOLAS (hereinafter referred to as "Plaintiffs"), were employees of Defendants, WP& S CONTRACTORS, LLC., a Florida Limited Liability Company, and WINSTON WHITE, individually (collectively referred to as "Defendants"), and brings this action on behalf of themselves and other current and former employees of Defendants similarly situated to them for breach of employment contract, minimum wage violation, and overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b).

2. Plaintiffs performed non-exempt work as a laborer and related activities throughout the state of Florida for Defendants.

3. Defendant, WP& S CONTRACTORS, LLC, is a construction business.

4. WP& S CONTRACTORS, LLC holds a Certified General Contractor License.

5. WP& S CONTRACTORS, LLC's employees work on both residential and commercial construction projects. WP& S CONTRACTORS, LLC's employees work on new and existing construction projects.

6. Plaintiffs were employees of Defendants. Plaintiffs were employed to do plaster and stucco on new and existing residential and commercial properties.

7. Plaintiffs were non-exempt employees traveling to various job sites to perform their assigned duties for the benefit of Defendants.

8. Defendants failed to compensate Plaintiffs for travel time to and from and between job sites.

9. Defendants failed to compensate Plaintiffs for preparation time.

10. Defendants failed to compensate Plaintiffs for time spent traveling from Defendants' office to the initial job site each day.

11. Defendants failed to compensate Plaintiffs for time spent traveling from the last job site to Defendants' office.

12. Plaintiffs' regularly used cell phones to communicate with Defendants, other employees, and Defendants' clients in order to perform their duties.

13. All the supplies and equipment that Plaintiffs worked with were procured from out of state dealers and suppliers.

14. At all times material hereto, Plaintiffs and similarly situated employees were employees of Defendants within the meaning of the FLSA.

15. The supplies and equipment used by Plaintiffs and similarly situated employees to perform the duties identified herein are goods and materials that have been moved in or produced in commerce.

16. Plaintiffs and similarly situated employees regularly handled and worked with goods and materials moved in or produced in commerce.

17. Plaintiffs were employed by Defendants during the three year period preceding the filing of this lawsuit.

18. When Plaintiffs were hired by Defendants, Plaintiffs were informed that they would receive a regular hourly rate of $20.00 and an overtime rate of $30.00 for any work performed beyond 40 hours in a work week.

19. Plaintiffs routinely worked more than forty (40) hours per week for Defendants.

20. During certain pay periods of Plaintiffs' employment, Plaintiffs would average five (5) hours of overtime bi-weekly.

21. Defendants failed to compensate Plaintiffs for all overtime hours worked.

22. Defendants failed to compensate Plaintiffs for certain weeks of Plaintiff's employment. Plaintiffs worked without any type of compensation for several weeks during their employment with Defendants.

23. Plaintiff, JEAN H. SAINT-AIME, was not compensated for two (2) weeks.

24. Plaintiff, LUBRAINE TESSIE, was not compensated for four (4) weeks.

25. Plaintiff, TOUSSAINT CHARLEMOND, was not compensated for six (6) weeks.

26. Plaintiff, FRANCIS NICOLAS, was not compensated for four (4) weeks.

27. Plaintiff, JUNIAS SAINT-FLEUR, was not compensated for one (1) week.

28. Plaintiff, VILET MESADIEU, was not compensated for two (2) weeks.

29. Plaintiff, ELIUS REMY, was not compensated for two (2) weeks.

30. Defendants did not take into account the actual hours worked by Plaintiffs when Defendants compensated Plaintiffs.

31. Defendants failed to accurately record the hours worked by Plaintiffs.

32. Defendants did not provide Plaintiffs with a time keeping system for Plaintiffs to track their hours worked.

33. WP&S CONTRACTORS, LLC., a Florida Limited Liability Company, is a construction business. WP&S CONTRACTORS, LLC. holds a Certified General Contractor License providing construction services for the building of homes and commercial structures.

34. Plaintiffs provided services to residential and commercial businesses.

35. The services provided by Defendants necessitated that Defendants' employees work with goods and materials that have traveled or produced in commerce.

36. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint WP&S CONTRACTORS, LLC. was and is an enterprise engaged in interstate commerce or in the production of goods for commerce.

37. Plaintiffs were individually engaged in commerce due to the nature of their work.

38. This action is brought to recover from Defendants damages from Defendants' breach of its employment contract with Plaintiffs for an agreed regular hourly rate of $20.00 per hour for all hours worked at and under 40 each work week, overtime compensation, minimum wage violation, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216(b).

39. At all times material hereto, individual Defendant, WINSTON WHITE, was and/or is an individual resident of the State of Florida who owns, manages, directs, and/or operates WP&S CONTRACTORS, LLC. and who regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, manage daily or weekly activities of employees, and control the finances and operations of WP&S CONTRACTORS, LLC. By virtue of such control and authority, WINSTON WHITE is an employer of Plaintiffs as such term is defined by the FLSA, 29 U.S.C. §201 et seq.

40. Plaintiffs reported directly to WINSTON WHITE. WINSTON WHITE was Plaintiffs' manager during the period of employment referenced herein.

41. WINSTON WHITE is an officer of WP&S CONTRACTORS, LLC. WINSTON WHITE holds the position of Registered Agent and Manager.

42. Plaintiffs reported all employment related concerns to WINSTON WHITE and other members of management.

43. Plaintiffs repeatedly requested for WINSTON WHITE to pay them at time and one-half for their overtime hours worked. Plaintiffs also requested that WINSTON WHITE not deduct from their hours worked.

44. The additional persons who may become Plaintiffs in this action are non-exempt employees and/or former employees of Defendants who worked similar positions as Plaintiffs; were advised by Defendants that they would receive an hourly rate of $20.00; did not receive any compensation during certain weeks of their employment; worked in excess of forty (40) hours in a work-week on or after March 2014, but were not properly paid for all hours worked in excess of forty (40) during one or more work weeks or current and/or former employees who were not credited for all hours worked during their employment with Defendants.

45. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. § 201-209, in that Plaintiffs and those similarly situated to Plaintiffs performed services for Defendants for which no provisions were made by the Defendants to properly pay Plaintiffs for those hours worked in excess of forty (40) at an overtime rate of one and one-half times their regular rate of pay for all the overtime hours worked, based in part upon Defendants' custom and practice of failing to credit all overtime hours actually worked and failing to calculate and pay overtime wages accurately.

46. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). At all times pertinent to this Complaint, WP&S CONTRACTORS, LLC, is an enterprise engaged in interstate commerce or in the production of goods for commerce.

47. Based upon information and belief, the annual gross sales volume of WP&S CONTRACTORS, LLC. was in excess of $500,000.00 per annum during the relevant time period.

48. As a result of Defendants' actions identified herein Plaintiffs and other similarly situated employees were not paid time and one-half of their regular rate of pay for all hours worked in excess of forty (40) hours per work week during one or more work weeks.

49. Likewise, the other employees similarly situated to Plaintiffs regularly worked in excess of forty (40) hours in one or more work weeks during their employment with Defendants.

50. The records, if any, concerning the number of hours actually worked by Plaintiffs and all other similarly situated employees and the compensation actually paid to such employees are in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs.

**COUNT I, RECOVERY OF OVERTIME COMPENSATION**

51. Plaintiffs readopt and reallege all allegations contained in Paragraphs 1 through 50 above.

52. Plaintiffs are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of forty (40) hours per work week. All similarly situated employees are similarly owed their overtime rate for each overtime hour they worked and were not properly paid.

53. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (Plaintiffs and those similarly situated to them) have suffered damages plus incurring costs and reasonable attorney's fees.

54. Plaintiffs have retained the undersigned counsel to represent them in this action, and agreed to pay reasonable fees and costs, and pursuant to 29 U.S.C. §§216(b), Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action.

55. As a result of Defendants' willful violation of the Act, all Plaintiffs (the named Plaintiffs and those similarly situated to them) are entitled to liquidated damages.

56. Plaintiffs demand a jury trial.

    **WHEREFORE**, Plaintiffs, LUBRAINE TESSIE, JEAN H. SAINT-AIME, ELIUS REMY, TOUSSAINT CHARLEMOND, VILET MESADIEU, JUNIAS SAINT-FLEUR, and FRANCIS NICOLAS, and those similarly situated to them who have or will opt into this action, demand judgment, jointly and severally, against Defendants, WP&S CONTRACTORS, LLC and WINSTON WHITE, for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages in an amount equal to the overtime awarded, prejudgment interest, reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

### COUNT II, MINIMUM WAGE VIOLATION

57. Plaintiffs readopt and reallege all allegations contained in Paragraphs 1 through 50 above.

58. Plaintiffs, LUBRAINE TESSIE, JEAN H. SAINT-AIME, ELIUS REMY, TOUSSAINT CHARLEMOND, VILET MESADIEU, JUNIAS SAINT-FLEUR, and FRANCIS NICOLAS, are entitled to be

paid at the applicable minimum wage rate of pay for each hour he worked during his employment with Defendants, WP&S CONTRACTORS, LLC and WINSTON WHITE.

59. However, during the period of Plaintiffs' employment, Plaintiffs performed work for Defendants for which they were not paid at least the applicable minimum wage required by law.

60. Defendants compensated Plaintiffs without taking into consideration the applicable minimum wage or the true hours that Plaintiffs worked resulting in Plaintiffs receiving compensation that is below the minimum wage for certain hours worked.

61. Defendants agreed to compensate Plaintiffs at an hourly rate of $20.00, which is above the minimum wage requirement, but after Plaintiffs having performed the duties requested by Defendants, Defendants refused to compensate them for several weeks of their employment.

62. Defendants did not compensate Plaintiffs for several weeks during their employment.

63. Defendants did not compensate Plaintiffs at the applicable minimum wage for certain weeks of their employment.

64. Plaintiffs demanded proper compensation from Defendants on several occasions and Defendants refused to compensate Plaintiffs as previously agreed.

65. After Plaintiffs' termination of employment with Defendants, Plaintiffs continued to request compensation for their hours worked and Defendants have failed to comply.

66. Defendants willfully failed to pay Plaintiffs at the applicable minimum wage, contrary to the requirements of Section 6 of the FLSA (29 U.S.C. §206).

67. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damaged in the loss of minimum wages.

68. Plaintiffs have retained the undersigned counsel to represent him in this action and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorney's fees and costs incurred in this action.

69. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs, LUBRAINE TESSIE, JEAN H. SAINT-AIME, ELIUS REMY, TOUSSAINT CHARLEMOND, VILET MESADIEU, JUNIAS SAINT- FLEUR, and FRANCIS NICOLAS, and those similarly situated to them who have or will opt into this action, demand judgment, jointly and severally, against Defendants, WP&S CONTRACTORS, LLC and WINSTON WHITE, for the payment of all compensation due them for the hours worked by them for which they have not been properly compensated, liquidated damages in an amount equal to the compensation awarded, reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

## COUNT III, BREACH OF EMPLOYMENT AGREEMENT

70. Plaintiffs readopt and reallege all allegations contained in Paragraphs 1 through 50 above.

71. Plaintiffs were employees of Defendants, WP&S CONTRACTORS, LLC and WINSTON WHITE.

72. Defendants agreed to compensate Plaintiffs above the minimum wage requirement.

73. Defendants and Plaintiffs agreed that Plaintiffs would work for the hourly rate of $20.00 to perform the duties of plastering and stucco work.

74. Plaintiffs complied and performed all duties requested by Defendants for the agreed hourly rate of $20.000.

75. Defendants agreed to compensate Plaintiffs at an hourly rate of $20.00, which is above the minimum wage requirement, but after Plaintiffs having performed the duties requested by Defendants, Defendants refused to compensate Plaintiffs for several weeks of their employment.

76. Defendants initially started paying Plaintiffs at the agreed hourly rate of $20.00.

77. Defendants breached the agreement to pay Plaintiffs at the hourly rate of $20.00 for several weeks of their employment.

78. Plaintiffs demanded proper compensation from Defendants on several occasions and Defendants refused to compensate Plaintiffs as previously agreed.

79. After Plaintiffs' termination of employment with Defendants, Plaintiffs continued to request compensation for their hours worked and Defendants failed to comply.

80. Plaintiffs were informed each time that they requested compensation from Defendants that they would receive compensation, but as of the filing of this action Defendants have not complied.

81. Plaintiffs did not receive the proper amount of compensation as agreed to by Defendants.

82. Plaintiff, JEAN H. SAINT-AIME, was not compensated for two (2) weeks.

83. Plaintiff, LUBRAINE TESSIE, was not compensated for four (4) weeks.

84. Plaintiff, TOUSSAINT CHARLEMOND, was not compensated for six (6) weeks.

85. Plaintiff, FRANCIS NICOLAS, was not compensated for four (4) weeks.

86. Plaintiff, JUNIAS SAINT-FLEUR, was not compensated for one (1) week.

87. Plaintiff, VILET MESADIEU, was not compensated for two (2) weeks.

88. Plaintiff, ELIUS REMY, was not compensated for two (2) weeks.

89. As a direct and proximate result of Plaintiffs' efforts described in the paragraphs immediately above, and/or during the time the agreement between Plaintiffs and Defendants were in full force and effect, Defendants profited from Plaintiffs' labor.

90. During the time the agreement between Plaintiffs and Defendants were in full force and effect, Defendants were compensated by their clients as a result of the work performed by Plaintiffs.

91. Defendants violated the agreement to pay Plaintiffs when Defendants regularly refused to compensate Plaintiffs after Plaintiffs have performed upon reliance on the agreement.

92. Pursuant to the agreement between Plaintiffs and Defendants, Plaintiffs are entitled to the agreed upon compensation structure for all work performed for the benefit of Defendants.

93. At all times material hereto, Plaintiffs worked for Defendants and declined the opportunity to work with other companies based on the above agreement. As a direct and proximate result thereof, Plaintiffs sustained a loss of income, revenue and/or goodwill.

94. Plaintiffs requested payment from Defendants pursuant to their agreement, but Defendants refused to comply.

95. In breach of the agreement between Plaintiffs and Defendants, Defendants, without cause, terminated Plaintiffs' employment and failed to pay Plaintiffs pursuant to the terms of the agreement.

96. Plaintiffs' agreed compensation was above minimum wage and even if Plaintiffs prevail on Count 1 and 2 herein, Defendants would owe Plaintiffs the agreed wage differential.

97. Prior to filing this action, Plaintiffs have performed all conditions precedent to be performed on their part pursuant to the subject contract and/or said conditions have been waived.

98. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs, LUBRAINE TESSIE, JEAN H. SAINT-AIME, ELIUS REMY, TOUSSAINT CHARLEMOND, VILET MESADIEU, JUNIAS SAINT-FLEUR, and FRANCIS NICOLAS, request that judgment be entered against Defendants, WP&S CONTRACTORS, LLC and WINSTON WHITE, jointly and severally, for damages in an amount to be determined at trial, including pre and post judgment interest; incidental and consequential damages resulting from the breach of the contract, including but not limited to the loss of revenue resulting from LUBRAINE TESSIE, JEAN H. SAINT-AIME, ELIUS REMY, TOUSSAINT CHARLEMOND, VILET MESADIEU, JUNIAS SAINT FLEUR, and FRANCIS NICOLAS working for WP&S CONTRACTORS, LLC and WINSTON WHITE, individually; and other such relief as this Court deems just and proper.

DATED this 9 day of March 2017

                                          Respectfully submitted,

                                          **s/Maguene D. Cadet**
Maguene D. Cadet, Esq., FBN. 0591361
Email: Maguene@DieudonneLaw.com
Law Office of Dieudonne Cadet, P.A.
2500 Quantum Lakes Drive, Suite 203
Boynton Beach, Florida 33426
Telephone: 561-853-2212
Facsimile: 561-853-2213
Attorney for Plaintiffs